IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CONSUELO & JON GONZALES<br>Plaintiffs, | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 5:16-cv-01096 |
| LIBERTY MUTUAL INSURANCE<br>COMPANY<br>Defendants. | §<br>§<br>§<br>§ | |

## DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Liberty Mutual Insurance Company (hereinafter "LMIC") files this Notice of Removal pursuant to 28 U.S.C. §1446(a), and in support thereof would respectfully show:

### *Procedural Background*

1. On or about September 21, 2016, Plaintiffs Consuelo and Jon Gonzales (hereinafter "Plaintiffs") filed their Original Petition (hereinafter the "Original Petition") styled Cause No. 2016CI16386; *Consuelo and Jon Gonzales v. Liberty Mutual Insurance Company;* In the 37th Judicial District Court, Bexar County, Texas. LMIC was served with citation on October 3, 2016. LMIC filed its Original Answer in state court on October 20, 2016.

### *Nature of the Suit*

2. This lawsuit involves a dispute concerning the handling of the Plaintiffs' insurance claim for storm damage sustained to their residential property located at 25819 Whata View, San Antonio, Texas 78260. Plaintiffs claim LMIC breached the homeowner's insurance policy contract and the duty of good faith and fair dealing, violated the Texas Insurance Code

and DTPA, and committed fraud. Plaintiffs seek actual damages, compensatory damages, treble damages, penalties, exemplary damages, court costs and attorney's fees.

## *Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4. There is complete diversity of citizenship among the parties. At the time Plaintiffs filed their Original Petition on September 21, 2016, and as of the date of filing this Notice of Removal, LMIC was incorporated in Massachusetts, with its principal place of business is in Massachusetts. In addition, at the time Plaintiffs filed their Original Petition on September 21, 2016, and as of the date of filing this Notice of Removal, Liberty Insurance Corporation ("LIC") was a company organized under the laws of the State of Illinois, with its principal place of business is 175 Berkeley Street, Boston, Massachusetts.[1] Accordingly, LMIC and LIC are not citizens of the State of Texas for diversity jurisdiction purposes.[2]

5. Upon information and belief, Plaintiffs were citizens of Texas when they filed their Petition and continue to be citizens of Texas. *See* Original Petition, Section 2.

6. The Court has diversity jurisdiction over this matter as the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Plaintiffs state in their Original Petition they seek monetary relief in excess of $200,000.00. *See* Original Petition, Sections 1 and 78.

7. In addition, Plaintiffs sent a demand letter to LMIC on May 31, 2016 claiming $80,538.24 in actual damages and another $5,000.00 in attorney's fees through said date. As

---

[1] Liberty Insurance Corporation issued the homeowner's insurance policy which forms the basis of this lawsuit.
[2] *See Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1541 (1994) (defining "Lloyds' Plan" insurer). *See, e.g. Garza v. State Farm Lloyds*, 2013 WL 3439851, at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas. This means State Farm and the Plaintiffs are completely diverse.")

such, Plaintiffs' demand letter purports to include an amount in controversy of at least $85,538.24. Courts routinely consider demand letters to ascertain the amount in controversy.[3]

8. In determining the amount in controversy, the court may also consider "policy limits and potential attorney's fees ... penalties, statutory damages, and punitive damages."[4] Here, Plaintiffs claim a hailstorm on or about April 24, 2016 caused damage to their residence which was insured by LMIC.[5] Plaintiffs seek damages for the alleged refusal to fully compensate them under the terms of the policy contract.[6] On the date of the loss at hand, Plaintiff was insured under LIC's Texas Homeowner's Policy H37-298-594872-40, which provides the following coverage limits: $356,100.00 for the Dwelling; $35,610.00 for Other Structures; $213.660.00 for Personal Property; and $71,220.00 for Loss of Use.

9. Plaintiffs seek actual, compensatory and exemplary damages and statutory penalties for breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code and DTPA.[7] Plaintiffs also seek treble damages under the Texas Insurance Code and DTPA.[8] Plaintiffs further seek recovery of attorney fees.[9] Given Plaintiffs' statement of the monetary relief sought in their petition, the Plaintiffs' pre-suit demand letter, the Policy

---

[3] *See, e.g., Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761–62 (5th Cir.2000) (holding demand letter constituted an "other paper" for ascertaining amount in controversy).

[4] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiff' case against her insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against her insurance company for actual and punitive damages arising from a claim they made for roof damages).

[5] Original Petition, Section 7-9 and 11.

[6] Original Petition, Sections 12-18 and 45-49.

[7] Original Petition, Sections 71-78.

[8] Original Petition, Sections 59, 65, 70 and 79.

[9] Original Petition, Sections 60, 66, 69, and 80.

coverages, the nature of the claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

### *The Removal is Procedurally Correct*

10. LMIC was first served with the Original Petition on October 3, 2016. LMIC filed this Notice within the 30-day time period required by 28 U.S.C. §1446(b).

11. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

12. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as *Exhibit "A."*

13. Pursuant to 28 U.S.C. §1446(d), promptly after LMIC files this Notice, written notice of the filing of this Notice will be given to Plaintiffs, the adverse parties.

14. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk of Bexar County promptly after LMIC files this Notice.

WHEREFORE, Defendant Liberty Mutual Insurance Company requests that this action be removed from the 37th Judicial District Court, Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW STEPHENS TREAT LLP

_____
David R. Stephens
Attorney in Charge
State Bar No. 19146100
Michael B. Hiddemen
State Bar No. 24050758
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile:  (210) 227-4602
dstephens@lstlaw.com
mhiddemen@lstlaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this 2nd day of November, 2016, addressed to those who do not receive notice from the Clerk of the Court.

James M. McClenny
J. Zach Moseley
Derek L. Fadner
MCCLENNY MOSELEY & ASSOCIATES, PLLC
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060

_____
David R. Stephens
Michael B. Hiddemen